DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Appeals wherein appellant, James D. Jackson, was convicted of aggravated vehicular assault. The facts giving rise to this appeal are as follows.
On December 21, 1999, two Toledo Police Officers were told that a pedestrian had been struck by a car on the Martin Luther King Bridge in Toledo, Ohio. The officers, Ashley Nichols and Dan Spradlin, arrived on the scene and found a woman lying on the sidewalk surrounded by a group of people. Officer Nichols called for an ambulance, parked his cruiser and turned on his overhead lights. Officer Spradlin got out of the cruiser and went to assist the woman. Officer Nichols got out of the cruiser and opened the trunk to get a blanket for the woman. While he was retrieving the blanket, a pickup truck collided with the rear of the cruiser pinning officer Nichols' leg between the two bumpers. As a result, Officer Nichols suffered a broken ankle.
On January 10, 2000, the driver of the pickup truck, appellant James D. Jackson, was indicted on one count of aggravated vehicular assault, a violation of R.C. 2903.08 and a felony of the fourth degree. The indictment included a specification that appellant was under the influence of alcohol at the time of the offense. Appellant was found guilty by a jury on August 30, 2000. He was sentenced to twelve months in prison. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR BY ADMITTING HEARSAY TESTIMONY OFFERED BY EXPERT WITNESS OVER DEFENDANT-APPELLANT OBJECTION.
 "II. THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR BY ALLOWING TESTIMONY AND OPINIONS OF EXPERT WITNESS WHICH RELIED ON FACTS NOT PERCEIVED BY HIM OR ADMITTED IN EVIDENCE AT THE TRIAL.
 "III. THE VERDICT THAT DEFENDANT-APPELLANT WAS OPERATING A MOTOR VEHICLE UNDER THE
 INFLUENCE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "IV. THE VERDICT THAT DEFENDANT-APPELLANT'S CONDUCT WAS RECKLESS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his first assignment of error, appellant contends that the court erred in admitting the hearsay testimony of one of the state's witnesses, Toledo Police Officer George Roush. Before Roush testified, the state cross-examined Eric Lewandowski as a hostile witness. Lewandowski owned the pickup truck that struck officer Nichols. He testified that he saw appellant before the accident. The prosecutor then asked: "you told officer Roush, did you not, that you believed that Mr. Jackson was in no condition to drive that night?" Lewandowski testified that he had no memory of the conversation. Officer Roush testified that he was an accident reconstructionist for the Toledo Police Department. On December 21, 1999, Roush was called to the Martin Luther King Bridge in Toledo to investigate the accident involving Officer Nichols. Roush discovered that appellant was not the owner of the pickup truck that struck Officer Nichols. Roush testified that the actual owner of the pickup, Eric Lewandowski, contacted Officer Roush after the accident in an effort to retrieve his truck from police custody. According to Roush, Lewandowski told him that prior to the accident, he had been at a bar with appellant. Roush testified that Lewandowski told him that on December 21, 1999, he was worried that appellant was too intoxicated to drive. Defense counsel objected to the testimony on the basis of hearsay. The court overruled the objection.
"`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio." Evid.R. 802. Evid.R. 804(B)(3) recognizes a hearsay exception for declarations against interest. In order for a statement to qualify as an exception under this rule, the statement must be (1) based on firsthand knowledge, (2) against the declarant's pecuniary or proprietary interests of the declarant or would subject him to criminal or civil liability or render invalid a claim by him against another, and (3) the declarant is unavailable under Evid.R. 804(A). Evid.R. 804(A)(3) provides, in pertinent part, that "unavailability as a witness' includes situations in which the declarant * * * testifies to a lack of memory of the subject matter of the declarant's statement."
Lewandowski's statements, which he testified he could not remember, could conceivably subject him to civil liability under the theory of negligent entrustment. Accordingly, Roush's testimony was admissible as a hearsay exception pursuant to 804(B)(3).
Moreover, if the evidence in favor of conviction, absent the hearsay, is so overwhelming, the admission of those statements is harmless beyond a reasonable doubt. State v. Kidder (1987), 32 Ohio St.3d 279, 284.
Officer Spradlin testified that he approached the pickup truck immediately after it struck his partner. Spradlin testified that appellant spontaneously announced "[I]'ve been drinking. I'm drunk." Spradlin testified that later at the police station, appellant stated that he had drank four rum and cokes and four peppermint schnapps. Officer Douglas Hipp testified that he stood watch over appellant at the accident scene as Officer Spradlin tended to his partner. Hipp testified that appellant stated he was drunk. Hipp observed that appellant's coordination was impaired and his motor skills were depressed. Lucas County Sheriff's Deputy Gary Condon testified that he encountered appellant at the Lucas County Jail in the early morning hours of December 22, 1999. Condon testified that appellant appeared drunk and smelled of alcohol.
Toledo Police Officer Brenda Sarahman testified that she transported appellant to the jail after the accident. While sitting in the car, Sarahman testified that a sobbing appellant spontaneously announced "[I] did a boo-boo. I drank and drove. I know I shouldn't have." At the police station, Officer Sarahman testified that she heard appellant say that he had been at a bar since 5:30 p.m. and that "they" shouldn't have let him drive. A witness to the accident, Melissa Moore, testified that when appellant exited the pickup truck, he appeared unsteady on his feet. She further testified "[M]y first thought was that he was drinking or something, some kind of influence."
Given the amount of eyewitness testimony regarding appellant's sobriety the night of the accident, it cannot be said that appellant was prejudiced by the admission of Officer Roush's testimony as to whether or not it amounted to inadmissible hearsay. Appellant's first assignment of error is found not-well taken.
In his second assignment of error, appellant contends the court erred in admitting Officer Roush's testimony regarding his reconstruction of the accident. Specifically, appellant contends that Roush was not properly qualified as an expert in accident reconstruction.
We need not review Roush's qualifications as an accident reconstructionist. Even without Roush's testimony, there was overwhelming evidence of appellant's guilt presented at trial. As discussed above, numerous witnesses testified that appellant was the driver of the pickup truck who struck Officer Nichols. Moreover, the owner of the pickup truck, Eric Lewandowski, testified that appellant was driving the pickup when he struck Officer Nichols on December 21, 1999. Any error in the admission of Roush's testimony was harmless. Appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant contends his conviction was based on insufficient evidence and was against the manifest weight of the evidence. In his fourth assignment of error, appellant specifically argues that the element of "reckless" was not proved.
Weight of the evidence indicates that the greater amount of evidence supports one side of an issue more than the other. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard we must use to review whether the manifest weight of the evidence sustains a conviction:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony." Id. at 387, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
The concept of manifest weight of the evidence is distinguished from sufficiency of the evidence. State v. Jenks, 61 Ohio St.3d 259 . Sufficiency of the evidence is the legal standard to test whether the evidence introduced at trial is legally sufficient or adequate as a matter of law to support a verdict. State v. Thompkins,78 Ohio St.3d at 386. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.Jenks, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal may be entered for the defendant. See Thompkins, supra, at 386.
Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.Thompkins, Id. In so doing, the court of appeals sits as a "thirteenth juror", and after reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., citation omitted. Determinations of witness credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant was convicted of aggravated vehicular assault. The elements of that offense are as follows: "[N]o person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall recklessly cause serious physical harm to another person." R.C. 2901.22(C) defines "reckless" as follows:
 "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
The evidence presented at trial shows that appellant, while operating a motor vehicle, caused serious physical harm to a police officer. Moreover, there was sufficient evidence for the jury to conclude that appellant's consumption of alcohol created a situation which was likely to result in an incident such as that which occurred. This court has thoroughly reviewed the record of proceedings in the trial court, and upon consideration thereof, finds that there was no evidence that the jury lost its way or created a manifest miscarriage of justice. Appellant's third and fourth assignments of error are found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper, J., CONCUR.